SHELTON PITNEY AND WALTER P. GARDNER, TRUSTEES OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTORS, v. STATE BOARD OF TAX APPEALS, DEFENDANT.

Argued January 20, 1943—Decided April 26, 1943.

Before Justices CASE and DONGES.

For the prosecutors, *Autenrieth & Wortendyke* (*Joseph F. Autenrieth*) and *William F. Hanlon*.

For the defendant City of Jersey City, *Charles A. Rooney* and *Charles Hershenstein*.

PER CURIAM.

Prosecutors, trustees in bankruptcy of the property of the Central Railroad Company of New Jersey appointed by the United States District Court for the District of New Jersey, were granted a writ of *certiorari* by a justice of this court to review a decision and judgment of the State Board of Tax Appeals rendered November 4th, 1942. The writ was allowed upon certain conditions, none of which are objected to except one which requires that an order of the United States District Court for the District of New Jersey be obtained directing the said trustees to submit to the jurisdiction of this court in various *certiorari* proceedings pending at the instance of the City of Jersey City and other Hudson County municipalities and individuals to review railroad assessments of various railroad companies operating in the State of New Jersey, including the Central Railroad Company of New Jersey, for the year 1941 made under chapter 291, *Pamph. L.* 1941, and chapter 169, *Pamph. L.* 1942. Prosecutors come before us with a petition asking to be relieved of that condition upon the grounds that an application for such an order made by Jersey City and other municipalities (and opposed, we note, by prosecutors herein) before the United States District Court remains undetermined, that the *allocatur* imposes a

condition which is impossible of performance by prosecutors and which, not met, will unjustly deprive them of their opportunity to review substantial errors.

The City of Jersey City, which appears in opposition, argues to the effect that there are overlapping questions which may be efficaciously and expeditiously disposed of by a joinder of the prosecutors in the proceedings against which they stand out. We think that there is merit in that contention; on the other hand, the issues which the city wishes to raise seem available to it, even if at some inconvenience, without that being done.

We have concluded to substitute, for the contested condition, one that will call upon the prosecutors to inform the United States District Court that they withdraw their opposition to the application, *supra,* made by the City of Jersey City, et al., for an order directing the trustees to submit. That step is not beyond performance by prosecutors, and it will still leave the determination of the federal application for the federal court.

No costs are allowed herein.